ALVIN MALTBY ET AL. v. CHARLES H. PLUMMER.

[See 71 Mich. 578.]

*Appeal—Costs—Prolix record—Stenographer's fees.*

1. The record is held too prolix, and 125 pages are deducted for the purposes of taxation of costs.

2. It is the duty of the appellant to make two copies of the proposed bill of exceptions,—one original, and one for service upon the opposite counsel.

3. Where a stenographer was employed in preparing a bill of exceptions, and made and inserted the riders and amendments thereto, and at the same time prepared the riders and amendments for the copy for the printer, and the copy used by the printer was the one furnished the appellee's counsel, who delivered it to the appellant's attorney for that purpose, only one-third of the sum charged by the stenographer is taxable.

4. A custom among stenographers of estimating the number of folios to the page of copy furnished will not prevail as against an actual count reducing the number charged for.

Motion on part of plaintiffs for retaxation of costs. Argued January 15, 1889. Decided February 1, 1889. The facts are stated in the opinion.

*J. L. Stoddard*, for motion.

*Tarsney & Weadock*, contra.

MORSE, J. Motion for retaxation of costs. The items allowed by the clerk, and appealed from, are as follows:

Printing record, 589 pages, at 50 cents per page, and 29 pages of figures at $1 per page_____ $323 50
Copy of record for printer, 2,204 folios, at 8 cents, allowed at _____ 79 09
3,162 folios of stenographer's transcript, at 8 cents per folio,   252 96

Total,_____ $655 55

It is claimed by the counsel for the plaintiffs that the

bill of exceptions is unnecessarily prolix; that it contains many frivolous exceptions, there being 115 assignments of error, of which all but two were found to be without merit; that there was no necessity of incorporating all the evidence in the case, yet the counsel for defendant insisted upon its all going in; that it is at least three times as long as it should have been.

We think the record too prolix, and shall deduct therefrom, for the purposes of taxation of costs, 125 pages, which will reduce the item of $323.50 to the sum of $261, at which amount it will be taxed.

In relation to the second item, we think it should be reduced as claimed by plaintiffs' counsel. It was the duty of the attorneys for the defendant and appellant to make two copies of the proposed bill of exceptions,—one original, and one for service upon the opposite counsel. The bill of exceptions contained 1,800 folios, and there were 404 folios composing the balance of the record. Allowing the full cost of 404 folios, at 5 cents per folio, would be $20.20; and the affidavit of the stenographer shows that he was employed in preparing the bill of exceptions, and made and inserted the riders and amendments thereto, and at the same time prepared the riders and amendments for the copy for the printer. His full charges were $38. One-third of this only can be charged in the bill of costs, as it is shown that the copy of the bill of exceptions used by the printer was the copy furnished the plaintiffs' counsel, which was handed over to defendant's counsel for that purpose at his request. This one-third would be $12.67, making $32.87 as the total cost to be taxed under the second item.

In relation to the stenographer's minutes, the circuit judge certifies that the same were necessary, in order to enable the defendant to make and settle the bill of exceptions in the case. The counsel for the plaintiffs does

not dispute this, nor find fault with the charge, except that it is too high. He claims that it should be reduced to $200, for the reason that the actual number of folios was not over 2,500. It seems the stenographer, in his charge, computed two and one-half folios to the page without actual count; that being the customary way among stenographers. Under Act No. 249, Pub. Acts of 1887, the stenographer of the Bay circuit is entitled to demand and receive for making such transcript the sum of eight cents per folio, and, if it is certified by the circuit judge to be necessary to have such transcript in order to remove a case to the Supreme Court, the appellant in this Court is authorized to have the same taxed as a proper disbursement. The custom among stenographers will not prevail in estimating the number of folios, and this item will be allowed at $200.

This disposes of the objections to the taxation by the clerk. Such taxation will be reduced as heretofore stated.

The other Justices concurred.